UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-81046-CIV-MATTHEWMAN

EUGENE E. HOUCHINS, III, *et al.*,

    Plaintiffs,

vs.

NOAM S. WEISS, *et al.*,

    Defendants.

_____/

FILED BY KJZ D.C.
Nov 30, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**<u>OMNIBUS ORDER ON TWO PENDING MOTIONS [DE 84; DE 91]</u>**

THIS CAUSE is before the Court upon Cross-Plaintiffs, Noam S. Weiss and Settlement Benefit Association, Inc.'s ("Cross-Plaintiffs") Motion for Default Judgment against Counter-Defendants Sharmin Inghram and Justin Inghram ("Motion for Default Judgment") [DE 84] and Cross-Defendants, Sharmin Inghram and Justin Ingram's ("Cross-Defendants") Motion for Relief from Judgment under Federal Rule 6 or 60 ("Motion to Set Aside the Default") [DE 91]. Cross-Plaintiffs have filed a response to the Motion to Set Aside the Default [DE 92], and no timely reply was filed. Thus, these matters are ripe for review. The Court has carefully considered the motions and response and is otherwise fully advised in the premises.

On October 14, 2022, Cross-Plaintiffs filed a Motion for Entry of Clerk's Default against Cross-Defendants [DE 82], asserting that the answer or responsive pleading to the Cross-Claim was due on October 5, 2022, and no answer or responsive pleading was filed by that date. A Clerk's Default was entered on October 17, 2022. [DE 83]. On the same date, Cross-Plaintiffs filed their Motion for Default Judgment [DE 84]. No response to the Motion for Default Judgment was timely filed by Cross-Defendants. Therefore, on November 15, 2022, the Court entered an Order requiring

Cross-Defendants to show cause on or before November 21, 2022, why the Motion for Default Judgment should not be granted. [DE 89].

On November 21, 2022, Cross-Defendants filed an Answer [DE 90], as well as their Motion to Set Aside the Default [DE 91]. In the Memorandum attached to the Motion to Set Aside the Default, Cross-Defendants explain that they were unaware of the Cross-Claim and that their attorney's failure to timely file an answer was due to excusable neglect. [DE 91–1 at 4–5]. Cross-Defendants also point out that the delay in filing an Answer was only about 37 days. *Id.* at 8. Cross-Defendant Justin Inghram has submitted an Affidavit to support these arguments. [DE 91–2]. James Hurley, Esq., has also attached an Affidavit in which he avers that the "failures to see the notice of filing of the Cross Claim filed on the CM/ECF or Pacer electronic system was due to the simple negligence or inadvertence or excusable neglect of me as their attorney, not due to any lack of good faith of Justin or Sharmin Inghram." [DE 91–4 at 2–3].

In response, Cross-Plaintiffs argue that Cross-Defendants have failed to establish good cause or excusable neglect for their failure to timely respond to the Cross-Claim. [DE 92 at 1–2]. Cross-Plaintiffs point out that Cross-Defendants' counsel made an appearance in this case prior to the filing of the Cross-Claim and thus received electronic notice of the filing. *Id.* at 2. Cross-Plaintiffs also point out that their counsel emailed Cross-Defendants' counsel on October 10, 2022 regarding the failure to timely respond to the Cross-Claim and notified counsel that Cross-Plaintiffs would be filing a motion for entry of clerk's default. *Id.* Cross-Plaintiffs explain that Cross-Defendants' counsel would have received notice of the Clerk's Default and the Motion for Default Judgment. *Id.* at 2–3.

Multiple Federal Rules of Civil Procedure are relevant here. First, Rule 6(b) states that the Court may, for good cause, extend a deadline "on motion made after the time has expired if the

party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Second, Rule 60(b) states that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" if the party demonstrates "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Finally, Rule 55(c) states that the Court "may set aside an entry of default for good cause, and it may set aside a final default under Rule 60(b)." Fed. R. Civ. P. 55(c).

"Excusable neglect" has been defined as the "failure to take the proper steps at the proper time, not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident[.] . . ." *Audalus v. Scottsdale Ins. Co.*, 566 F. Supp. 3d 1318, 1321 (S.D. Fla. 2021) (quoting 49 C.J.S. Judgments § 556). Excusable neglect under Rule 60(b)(1) is an equitable inquiry turning on "all relevant circumstances," and the relevant factors include "the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996). The Eleventh Circuit "has demonstrated its wariness of grants of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1114 (11th Cir. 1993).

Here, with regard to the excusable neglect standard, the Court finds that there is minimal prejudice to Cross-Plaintiffs. The length of delay in filing an Answer to the Cross-Claim was only approximately 37 days, the delay had no real impact on the judicial proceedings, and Cross-Defendants themselves acted in good faith and had no control over the delay. The Court is well-aware that claims of attorney error are usually not enough to support a finding of excusable neglect.

However, the procedural posture of this case is unique. On September 23, 2022, before their response to the Cross-Claim was due, Cross-Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [DE 80] with regard to the Third Amended Complaint. Therefore, there was uncertainty about whether the Court had personal jurisdiction and about whether venue was proper at the time the responsive pleading to the Cross-Claim was due. Moreover, the Court would have issued an Order to Show Cause on an earlier date had the motion to dismiss not been pending.

Finally, the good cause standard in Rule 55(c) applies here as well. The Eleventh Circuit has defined "good cause" as a "liberal" and "mutable" standard, and one that varies from situation to situation. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 n.7 (11th Cir. 2014); *Compania Interamericana Exp.–Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Courts generally consider various factors, such as "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Exp.–Imp., S.A.*, 88 F.3d at 951. Here, the Court does find good cause for setting aside the Clerk's Default as the default was not willful, setting it aside would not prejudice Cross-Plaintiffs, and Cross-Defendants have presented various affirmative defenses [DE 90 at 6-7], which may be meritorious.

In light of the foregoing, the Court will set aside the default and deny the Motion for Default Judgment. However, Cross-Defendants' counsel is hereby put on notice that the Court will not tolerate any further missed deadlines in this case. Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Cross-Plaintiffs' Motion for Default Judgment against Counter-Defendants Sharmin Inghram and Justin Inghram [DE 84] is **DENIED**.

2. Cross-Defendants' Motion for Relief from Judgment under Federal Rule 6 or 60 [DE 91] is **GRANTED**.

3. The Clerk's Entry of Default [DE 83] is hereby **VACATED** and **SET ASIDE**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of November, 2022.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge